UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                                     <u>INDICTMENT</u>

JEMAR AHTON MASON,
DAVID KURBANOV,
DENNIS LYNN CARTWRIGHT, JR.,
ANDRE JACKSON, and
JAMES WILLIAMS,

        Defendants.
_____/

The Grand Jury charges:

## INTRODUCTION

At all times relevant to this Indictment:

### *Defendants and Related Entities*

1.    DAVID KURBANOV is a resident of Wyoming, Michigan.  DAVID KURBANOV was and is the registered agent for In A Minute Entertainment, LLC and Kurbanov Communications, LLC.

2.    JEMAR AHTON MASON is a resident of Grand Rapids, Michigan. JEMAR AHTON MASON was KURBANOV's business partner in In a Minute Entertainment, LLC.

3.    DAVID KURBANOV established In A Minute Entertainment, LLC in 2015. In a Minute Entertainment, LLC's stated purpose on its articles of organization was to "plan and execute entertainment productions."  No annual statement was filed

for In a Minute Entertainment, LLC from the time of its incorporation until on or about October 6, 2020.  The registered office of In a Minute Entertainment, LLC is in Kent County, in the Western District of Michigan.

4.      DAVID KURBANOV established Kurbanov Communications, LLC in 2015.   Kurbanov Communications, LLC's stated purpose on its articles of organization was to "facilitate distribution of cellular devices."  No annual statement was filed for Kurbanov Communications, LLC from the time of its incorporation until on or about September 9, 2020.  The registered office of Kurbanov Communications, LLC is in Wyoming, Michigan, in the Western District of Michigan.

5.      In June 2020, In A Minute Entertainment, LLC and Kurbanov Communications, LLC were nonfunctional.  The companies did not have legitimate customers or employees. Neither company had an open business savings or checking account.

6.      DENNIS LYNN CARTWRIGHT, JR. is a resident of Grand Rapids, Michigan.   CARTWRIGHT was and is the registered agent for Auto Den, LLC; Cartwright Construction, LLC; Car Genie, LLC and several other companies.

7.      ANDRE JACKSON is a resident of Fayetteville, Georgia.  JACKSON was the registered agent for Option Point Enterprises, LLC.   Option Point Enterprises, LLC advertised that they obtained loans for clients "bigger than the government."

8.      JACKSON also solicited investors for a Standby Letter of Credit ("SBLC") program in which money was purportedly sent overseas for a period of

time.  After that, the principle was allegedly returned to the investor, with additional periodic high-yield profits to follow.

9.      JAMES WILLIAMS is a resident of Dacula, Georgia.    JAMES WILLIAMS operates Premier Accounting Services, LLC.   Premier Accounting Services, LLC is an accounting firm.  JAMES WILLIAMS is a business associate of ANDRE JACKSON.

10.     MBE Capital Partners is a non-bank, state finance company whose loans are insured by the San Francisco Federal Reserve.  MBE Capital Partners is headquartered in New York.

*The Small Business Administration & The Coronavirus Aid, Relief,*
*and Economic Security Act*

11.      The Small Business Administration ("SBA") is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses.  The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small business and by assisting in the economic recovery of communities after disasters.

12.      The SBA enables and provides for loans through banks, credit unions, and other lenders.  These loans have government-backed guarantees.

13.      On March 13, 2020, President Donald Trump declared a national emergency due to the COVID-19 pandemic.

14.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic

effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program ("PPP").  In or around April 2020, Congress authorized over $320 billion in additional funding for PPP loans.

15.     In order to obtain a PPP Loan, a business would submit a PPP loan application, signed by an authorized representative of the business.  The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications regarding its eligibility.  In the application, the small business' authorized representative was required to provide, among other things, the business's average monthly payroll expenses and number of employees.  These figures were used to calculate the business's eligibility and the amount of money it could receive under the PPP.  In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

16.     PPP loan proceeds were required to be used by the business for certain permissible expenses, such as payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven by the SBA if the business spent the loan proceeds on these items within a designated period of time and used at least a certain percentage of the PPP loan for payroll expenses.

17.     To gain access to funds through the PPP, small businesses applied through financial institutions participating in the PPP and received the loans directly from those financial institutions as the lender. The SBA oversaw the PPP and guaranteed the loans issued by the lender.

18.     Participating financial institutions required applicants for PPP loans to provide truthful information, including truthful information about the business's operating expenses and how the PPP loan would be used, which information was material to lenders' approval, terms, and funding of loans.  Data from the application, including information about the borrower, total amount of the loan, number of employees, and salaries was transmitted by the lender to the SBA in the course of processing the loan.

*MASON and KURBANOV Apply for PPP Loans with the Assistance of JACKSON and WILLIAMS*

19.     In or about June 2020, JEMAR AHTON MASON and DAVID KURBANOV devised a scheme to fraudulently obtain PPP loans, which was joined and supported by ANDRE JACKSON and JAMES WILLIAMS.

20.     MASON and KURBANOV planned to apply for PPP loans for In a Minute Entertainment, LLC and Kurbanov Communications, LLC, respectively.

21.     MASON and KURBANOV planned to provide a portion of the PPP loan proceeds to ANDRE JACKSON, who would purportedly invest them in a Standby Letter of Credit ("SBLC") program which would yield profits for JACKSON, MASON, and KURBANOV

22.     ANDRE   JACKSON   introduced   MASON   and   KURBANOV   to WILLIAMS so WILLIAMS could assist MASON and KURBANOV with applying for PPP loans.

23.     Specifically, WILLIAMS prepared fraudulent U.S. tax documents for MASON and KURBANOV to support their PPP loan applications.  WILLIAMS was aware that MASON and KURBANOV were making false representations to induce lenders to approve their PPP loans.  WILLIAMS, MASON, and KURBANOV knew that the tax documents WILLIAMS prepared included false representations concerning the income, employees, and salaries of In a Minute Entertainment, LLC and Kurbanov Communications, LLC.

24.     On or about June 29, 2020, MASON and KURBANOV applied for a PPP loan for In a Minute Entertainment, LLC from MBE Capital Partners.  To apply for the loan, they transmitted their application by wire communication from Michigan to New York, where MBE Capital Partners is headquartered.

25.     The loan application contained materially false and fraudulent information, including:

a. a  statement  that  the  company's  average  monthly  payroll  was $317,877.00 when, in truth and in fact, it had no payroll expenses;

b. a statement that the company had 52 employees, when, in truth and in fact, it had no employees;

    c.  a certification that MASON had not been convicted of a felony within the preceding five years when, in truth and in fact, MASON had been convicted of a felony on or about January 21, 2016;

    d.  certifications that the loan proceeds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments when, in truth and in fact, MASON and KURBANOV sought the PPP loans for their own personal use and enrichment; and

    e.  the application also included the fraudulent tax forms prepared by JAMES WILLIAMS to support the application.

26. On or about June 30, 2020, JEMAR AHTON MASON and DAVID KURBANOV applied for a PPP loan for Kurbanov Communications, LLC from MBE Capital Partners. To apply for the loan, they transmitted their application by wire communication from Michigan to New York, where MBE Capital Partners is headquartered.

27. The loan application contained materially false and fraudulent information, including:

    a.  a statement that the company's average monthly payroll was $280,150.00 when, in truth and in fact, it had no payroll expenses;

    b.  a statement that the company had 37 employees, when, in truth and in fact, it had no employees;

c.  certifications that the loan proceeds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments when, in truth and in fact, MASON and KURBANOV sought the PPP loans for their own personal use and enrichment; and

d.  the application also included the fraudulent tax forms prepared by JAMES WILLIAMS to support the application.

28.  The fraudulent loan applications for In a Minute Entertainment, LLC and Kurbanov Communications, LLC induced MBE Capital Partners to approve both loans.

29.  On or about August 6, 2020, MBE Capital Partners transferred $700,375.00, which represented the PPP loan proceeds for Kurbanov Communications, LLC (SBA Loan #6365298007) to an account at JP Morgan Chase (account ending in -6216) for which DAVID KURBANOV was the authorized signer.

30.  On or about August 14, 2020, MBE Capital Partners transferred $794,692.00, which represented the PPP loan proceeds for In a Minute Entertainment, LLC (SBA Loan #6603048009) to an account at Bloom Credit Union (account ending in -6948) for which JEMAR AHTON MASON and DAVID KURBANOV were the authorized signers.

*MASON and KURBANOV Misappropriate PPP Loan Proceeds at the Direction and with the Assistance of JACKSON, WILLIAMS and CARTWRIGHT*

31.     After receiving these two loans, JACKSON and WILLIAMS spoke with MASON and KURBANOV about how to invest the PPP loan proceeds in JACKSON's SBLC program without being detected by authorities.

32.     After receiving the PPP loan proceeds, in or about August 2020, through and including September 2020, MASON and KURBANOV distributed the proceeds of the two PPP loans, in part, to friends and family and labeled these payments as "payroll" to conceal from authorities that they were misappropriating the loan funds and that they had made false and misleading representations on their PPP loan applications.  PPP loan program rules limit the amount of PPP loan funds a business can pay to any employee in a given month as wages to $8,330.  Many of the payments MASON and KURBANOV paid to individual family members in a given month exceeded this amount.

33.     MASON   and   KURBANOV   each   spoke   with   DENNIS   LYNN CARTWRIGHT, JR. on multiple occasions about ways to ensure that their misappropriation of the PPP loan proceeds would not come to law enforcement's attention.  CARTWRIGHT counseled MASON and KURBANOV to disguise their personal spending as payroll by paying with checks and writing "payroll" on them. CARTWRIGHT further advised MASON on multiple occasions to avoid spending the loan proceeds on frivolous items and to invest the fraud proceeds to generate investment returns.  CARTWRIGHT was aware when he counseled MASON that investing PPP loan proceeds was a violation of the PPP loan terms.

34.     KURBANOV   made   the   following   transfers   from   Kurbanov Communications, LLC's PPP loan proceeds (SBA Loan #6365298007) to CARTWRIGHT.   These transfers were in violation of the loan terms because CARTWRIGHT was not an employee of Kurbanov Communications, LLC and the payments exceeded the $8,330 limit that an employee may be paid in one month:

       a.      $450 on August 11, 2020, via Zelle;

       b.      $15,000 on August 11, 2020, via cashier's check (made out to Auto Den); and

       c.      $6,000 on August 13, 2020, via cashier's check.

35.     On or about August 19, 2020, MASON issued a check, drawn from the loan proceeds obtained by In A Minute Entertainment, LLC, generated from SBA Loan #6603048009, to Car Genie, LLC for $20,000.   Car Genie, LLC is a car dealership owned and operated by DENNIS LYNN CARTWRIGHT, JR. and another individual.

36.     CARTWRIGHT is not and has never been an employee of Kurbanov Communications, LLC or In A Minute Entertainment, LLC.   Furthermore, the $20,000 check exceeded the $8,330 monthly limit on payroll distributions to any one employee.   CARTWRIGHT knew the payments he received from these companies were from the fraudulent PPP loan proceeds.

37.     On or about September 2, 2020, In A Minute Entertainment, LLC issued a check to JAMES WILLIAMS, drawn from the loan proceeds generated from SBA Loan #6603048009, in the amount of $70,000.   The memo line of the check falsely

indicated that it was "payroll," in order to conceal MASON and KURBANOV's misappropriation of the funds and the fact that they had fraudulently obtained a PPP loan. WILLIAMS is not and has never been an employee of In A Minute Entertainment, LLC. Further, the $70,000 check exceeded the $8,330 monthly limit on payroll distributions to any one employee.

38. In or about August 2020, MASON and KURBANOV used at least $349,000 of the PPP loan proceeds for their own personal purposes, including for jewelry, travel expenses, legal fees, and payments to friends and family who never worked for In A Minute Entertainment, LLC or Kurbanov Communications, LLC.

39. On or about August 11, 2020, KURBANOV signed a contract to participate in an SBLC investment with ANDRE JACKSON.

40. On August 26, 2020, regarding the PPP loan proceeds, JACKSON told MASON, "return that money within an eight-week period of time, they can say nothing to you." JACKSON said that once MASON and KURBANOV provided him with funds from their PPP loans, he would return the money to them within 35 days, so that they could return it to the lender. JACKSON further said that "payouts" would begin 55 days later.

41. On August 27, 2020, MASON asked WILLIAMS for advice regarding investing $500,000 of PPP loan proceeds in the SBLC program with JACKSON. WILLIAMS told MASON that he could avoid taxes by keeping the money overseas, but not to deal with small banks overseas as they could "get into money laundering issues."

42.     On August 27, 2020, JACKSON directed KURBANOV and MASON to wire $500,000 overseas via a "global wire."  MASON and KURBANOV attempted to send the money to the wrong account and the wire transfer was unsuccessful.

## COUNT 1
### (Conspiracy to Commit Wire Fraud)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

From in or about June 2020 to in or about December 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

JEMAR AHTON MASON,
DAVID KURBANOV,
ANDRE JACKSON, and
JAMES WILLIAMS

conspired with each other and with persons known and unknown to the Grand Jury, to devise a scheme and artifice to defraud and to obtain money from the SBA through MBE Capital Partners by means of false and fraudulent pretenses, representations, and promises using wire communications in interstate commerce, and the scheme and artifice related to and involved Paycheck Protection Program loans, a benefit authorized, transferred, disbursed, or paid in connection with a presidentially declared emergency.

### Object of the Conspiracy

The principal object of the conspiracy was to obtain money from the Small Business Administration's PPP loan program by means of false and fraudulent pretenses and representations to unlawfully enrich themselves, including by converting to their own personal use the PPP loan proceeds fraudulently obtained from the SBA, which were dispensed by MBE Capital Partners.

18 U.S.C. § 1349
18 U.S.C. § 1343

## COUNT 2
### (Wire Fraud)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

From in or about June 2020 to in or about November 2020, in Kent County, in the Southern Division of the Western District of Michigan, and other places,

JEMAR AHTON MASON,
DAVID KURBANOV,
ANDRE JACKSON and
JAMES WILLIAMS

knowingly devised a scheme and artifice to defraud and to obtain money from the SBA through MBE Capital Partners by means of false and fraudulent pretenses, representations, and promises.  The scheme and artifice related to and involved Paycheck Protection Program loans, a benefit authorized, transferred, disbursed, or paid in connection with a presidentially declared emergency.

### The Wires

For the purpose of executing the scheme and artifice to defraud, the defendants transmitted and caused to be transmitted certain writings, signs, signals, and sounds in interstate commerce by means of a wire communication. Specifically, on or about the dates indicated, the defendants transmitted, and caused to be transmitted, the following interstate wire communications in furtherance of the scheme:

| On or About | Description |
|---|---|
| June 29, 2020 | MASON and KURBANOV electronically transmitted by wire communication a PPP loan application for In a Minute Entertainment, LLC to MBE Capital Partners |

| | |
|---|---|
| June 30, 2020 | MASON and KURBANOV electronically transmitted by wire communication a PPP loan application for Kurbanov Communications, LLC to MBE Capital Partners |
| August 6, 2020 | MBE Capital Partners transferred $700,375.00, which represented the PPP loan proceeds for Kurbanov Communications, LLC (SBA Loan #6365298007) to an account at JP Morgan Chase (account ending in -6216) for which DAVID KURBANOV was the authorized signer |
| August 14, 2020 | MBE Capital Partners transferred $794,692.00, which represented the PPP loan proceeds for In a Minute Entertainment, LLC (SBA Loan #6603048009) to an account at Bloom Credit Union (account ending in -6948) for which JEMAR AHTON MASON and DAVID KURBANOV were the authorized signers |
| August 27, 2020 | MASON and KURBANOV attempted to transfer by wire $500,000 of the PPP loan proceeds for Kurbanov Communications, LLC (SBA Loan #6365298007) from KURBANOV's account at JP Morgan Chase (account ending in -6216) to a foreign bank account, at the direction of ANDRE JACKSON (transaction #654570336430001) |

18 U.S.C. § 1343

## COUNT 3
### (Conspiracy to Commit Concealment Money Laundering)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

From in or about June 2020 until in or about December 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

JEMAR AHTON MASON,
DAVID KURBANOV,
DENNIS LYNN CARTWRIGHT, JR.,
ANDRE JACKSON, and
JAMES WILLIAMS

knowingly combined, conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2, of this Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. §§ 1956(c)(1) (2), (3), (4), (7), (9)

## COUNT 4
### (Attempting to Engage in a Monetary Transaction in Property Derived from Specified Unlawful Activity and Aiding and Abetting)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

On or about August 27, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

JEMAR AHTON MASON,
DAVID KURBANOV, and
ANDRE JACKSON

knowingly attempted to engage in, and aided and abetted the engaging in, a monetary transaction, in and affecting commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2 of this Indictment. Specifically, MASON and KURBANOV attempted to transfer by wire $500,000 of fraudulently obtained PPP loan proceeds from a bank account (ending in -6216) at JP Morgan Chase Bank, a financial institution, to a foreign bank account at the direction of ANDRE JACKSON (identified as transaction #654570336430001).

18 U.S.C. § 1957
18 U.S.C. § 2

## COUNT 5
### (Attempting to Engage in a Monetary Transaction in Property Derived from Specified Unlawful Activity and Aiding and Abetting)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

On or about September 2, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

JEMAR AHTON MASON and
DAVID KURBANOV

knowingly attempted to engage in, and aided and abetted the attempted engaging in, a monetary transaction, in and affecting commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2 of this Indictment.  Specifically, MASON and KURBANOV attempted to withdraw $70,000 by drafting check #1001 from In a Minute Entertainment, LLC's checking account (ending in -6948) at Bloom Credit Union, a financial institution, made payable to JAMES WILLIAMS.

18 U.S.C. § 1957
18 U.S.C. § 2

## COUNT 6
### (Attempting to Engage in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

On or about September 3, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

### JAMES WILLIAMS

knowingly attempted to engage in a monetary transaction, in and affecting commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2 of this Indictment.  Specifically, WILLIAMS attempted to deposit $70,000 into his account (ending in -5643) at Navy Federal Credit Union, a financial institution,  in the form of check #1001 that was drawn on In a Minute Entertainment, LLC's checking account at Bloom Credit Union that WILLIAMS received from JEMAR AHTON MASON and DAVID KURBANOV.


18 U.S.C. § 1957

<u>**COUNT 7**</u>
**(Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)**

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

On or about August 11, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

DAVID KURBANOV

knowingly engaged in a monetary transaction, in and affecting commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2 of this Indictment.  Specifically, DAVID KURBANOV withdrew $15,000 from an account (ending in -6216) at JP Morgan Chase, a financial institution, by JP Morgan Chase Bank cashier's check #9041421179, made payable to Auto Den, LLC.

18 U.S.C. § 1957

## COUNT 8
**(Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)**

The Grand Jury realleges and incorporates by reference the allegations made above in paragraphs 1 through 38 as if fully set forth herein.

On or about August 11, 2020, in Kent County, in the Southern Division of the Western District of Michigan, and elsewhere,

DENNIS LYNN CARTWRIGHT, JR.

knowingly engaged in a monetary transaction, in and affecting commerce, in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, as charged in Count 2  of this Indictment.  Specifically, CARTWRIGHT deposited $15,000 into an account ending -3608 at JP Morgan Chase Bank, a financial institution, by JP Morgan Bank cashier's check #9041421179 remitted by DAVID KURBANOV).

18 U.S.C. § 1957

## FORFEITURE ALLEGATION 1
### (Counts 1 and 2 – Conspiracy to Commit Wire Fraud and Wire Fraud)

The allegations contained in Count 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C), upon conviction of the violation of 18 U.S.C. §§ 1349 and 1343 set forth in Count 1 and 2 of this Indictment, the defendants,

JEMAR AHTON MASON,
DAVID KURBANOV,
ANDRE JACKSON, and
JAMES WILLIAMS,

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.  The property to be forfeited includes, but is not limited to, the following:

1. $615,767.39 U.S. currency seized from In A Minute Entertainment, LLC's Bloom Credit Union account in the name of DAVID KURBANOV and JEMAR AHTON MASON (20-IRS-000362);

2. $5,797.56 U.S. currency seized from DAVID KURBANOV's Fifth Third account (21-IRS-000003);

3. $502,002.06 U.S. currency seized from the JP Morgan Chase general ledger, previously held in Kurbanov Communication, LLC's account (20-IRS-000363);

4. MONEY JUDGMENT: A sum of money equal to the difference between the total proceeds obtained from the offenses charged in Counts 1 and 2

and the amount of proceeds seized by the government listed in paragraphs 1, 2, and 3.  The government currently calculates this difference as $371,500.04; and

5. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty.

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
21 U.S.C. § 853(p)
18 U.S.C. § 1349
18 U.S.C. § 1343

**FORFEITURE ALLEGATION 2**
**(Count 3 – Conspiracy to Commit Concealment Money Laundering)**

The allegations contained in Count 3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of the violation of 18 U.S.C. § 1956(h) set forth in Count 3 of this Indictment, the defendants,

JEMAR AHTON MASON,
DAVID KURBANOV,
DENNIS LYNN CARTWRIGHT, JR.,
ANDRE JACKSON, and
JAMES WILLIAMS,

shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

1.  $615,767.39 U.S. currency seized from In a Minute Entertainment, LLC's Bloom Credit Union account in the name of DAVID KURBANOV and JEMAR AHTON MASON (20-IRS-000362);

2.  $5,797.56 U.S. currency seized from DAVID KURBANOV's Fifth Third account (21-IRS-000003);

3.  $502,002.06 U.S. currency seized from the JP Morgan Chase general ledger, previously held in Kurbanov Communication, LLC's account (20-IRS-000363);

4.  MONEY JUDGMENT: A sum of money equal to the difference between the total proceeds obtained from the offenses charged in Counts 1 and 2 and the

amount of proceeds seized by the government listed in paragraphs 1, 2, and 3. The government currently calculates this difference as $371,500.04; and

5. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1).

18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1956

## FORFEITURE ALLEGATION 3
**(Counts 4, 5 & 8: Attempting to Engage in a Monetary Transaction in Property Derived from Specified Unlawful Activity and Aiding and Abetting; Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity and Aiding and Abetting)**

The allegations contained in Counts 4, 5 and 8 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of the violation of 18 U.S.C. § 1957 set forth in Counts 4, 5 and 8 of this Indictment, the defendants,

JEMAR AHTON MASON,
DAVID KURBANOV, and
ANDRE JACKSON,

shall forfeit to the United States of America any property, real or personal, involved in such offense, or any property traceable to such property.  The property to be forfeited includes, but is not limited to, the following:

| Count | Property to be Forfeited |
|-------|--------------------------|
| 4 | $500,000.00 of the $502,002.06 seized from the JP Morgan Chase general ledger, previously held in Kurbanov Communication, LLC's account (ending in -6216); |
| 5 & 6 | $70,000 of the $615,767.39 seized from In a Minute Entertainment, LLC's Bloom Credit Union account in the name of DAVID KURBANOV and JEMAR AHTON MASON (ending in -6948); |
| 7 & 8 | $15,000.00 of the $31,091.28 seized from the Auto Den, LLC bank account at JP Morgan Chase (ending in -3608); |

18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1957

A TRUE BILL

_____

GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____

KRISTIN M. PINKSTON
JONATHAN ROTH
Assistant United States Attorney