UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMAR AHTON MASON,

    Defendant.
_____/

Case Nos. 1:20-cr-190-2
1:21-cr-69-1

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release. The government filed a response in opposition. For the reasons stated below, the Court denies the motion without prejudice.

A prisoner may seek a sentence reduction in the courts "after the defendant has exhausted all administrative rights to appeal a failure by the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …" 18 U.S.C. § 3582(c)(1)(A)(i). The Sixth Circuit has clarified that § 3582's exhaustion requirement is a mandatory claims-processing rule. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. June 2, 2020). If a prisoner files a motion for compassionate release in federal court before exhausting the available administrative remedies, then the Court must dismiss the motion without prejudice. *Id.* at 836.

Defendant has not exhausted his administrative remedies. Defendant must first present his request to the Bureau of Prisons for consideration; only after 30 days have passed, or after

defendant has exhausted all administrative rights to appeal to BOP's failure to move on his behalf (whichever occurs first), may he move the Court for a sentence reduction.

The Court further notes that, generally, to grant compassionate release the Court must first determine "whether extraordinary and compelling reasons warrant a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (citation and quotation marks omitted). The Court also evaluates whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission and considers any applicable § 3553(a) factors. *Id.* at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). As the movant, Defendant bears the burden to establish that he is eligible for compassionate release. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021).

Here, had Defendant not failed to exhaust his administrative remedies, the Court would nonetheless conclude that he has not identified "extraordinary and compelling reasons" warranting release. Defendant asserts that four minor children are in need of care because their mother has lost custody of them. However, Defendant does not assert that the children's caregiver has died or become incapacitated. Defendant also appears to admit that he is not the legally established father of any of the children and proffers no evidence of biological paternity. Independently, Defendant has failed to demonstrate that the § 3553(a) factors weigh in favor of his immediate release, particularly in light of the seriousness of his offenses.[1] Notwithstanding this analysis,

---

[1] On June 23, 2022, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 in case number 1:20-cr-190. Approximately three months later, on September 29, 2022, Defendant pleaded guilty to conspiracy to commit concealment money laundering contrary to 18 U.S.C. § 1956(h) in case number 1:21-cr-69. The Court sentenced Defendant to concurrent terms of 87 months of imprisonment in each case.

because Defendant has not exhausted his administrative remedies, the Court now denies Defendant's motion without prejudice.

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 421 in Case No. 1:20-cr-190-2 & ECF No. 360 in Case No. 1:21-cr-69-1) is DENIED without prejudice.

Dated: January 14, 2025  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge